**UNITED STATES of America**
**v.**
**Anthony ESPOSITO.**
**No. 72 CR 706.**

United States District Court,
N. D. Illinois, E. D.

April 9, 1973.

James R. Thompson, U. S. Atty., Chicago, Ill., for plaintiff.

Thomas P. Sullivan and Russell J. Hoover, of Jenner & Block, Chicago, Ill., for defendant.

## DECISION and ORDER

McMILLEN, District Judge.

This case came on for a bench trial on the indictment of defendant for perjury under 18 U.S.C. § 1623. By means of a bill of particulars and a motion for acquittal at the close of the prosecution's case, the issue has been reduced to whether or not defendant knowingly tes-

tified falsely when he gave the following answers under oath in the criminal trial of Edward Speice:

Q. Now, did you ever drive in an automobile from the Hyatt House to the Thirsty Whale accompanied by Edward Speice?

A. No, I haven't.

.    .    .    .    .    .

Q. Do you recall whether or not you have ever seen Edward Speice at the Thirsty Whale?

A. No, I haven't.

Q. You have not or you don't recall it?

A. I don't believe I have ever seen him there.

These questions and answers afford a timely and interesting application of the recent Supreme Court decision in Bronston v. United States, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), decided under the similar provision of 18 U.S.C. § 1621. The rule in that decision, although not new, makes it incumbent to prove beyond a reasonable doubt that the defendant both literally and as a matter of substance lied under oath.

■ A close examination of the questions and answers quoted above convinces the court that the defendant did not commit this offense within the meaning of Bronston, and that the questioner had the duty to make the question and answer unambiguously specific if it was to support a charge of perjury. It should be noted in passing that the questions contained in the indictment were being posed by an attorney for a defendant, but that the government had an opportunity to cross-examine. As the court pointed out in Bronston at 93 S.Ct. 602:

Precise questioning is imperative as a predicate for the offense of perjury.

■ The answer to the first question, "did you ever drive an automobile from the Hyatt House to the Thirsty Whale accompanied by Edward Speice?", was not proved to be false in substance. The evidence showed that defendant probably drove from the Hyatt House alone and picked up a passenger en route to the Thirsty Whale. There is no testimony that defendant had any passenger on leaving the Hyatt House, although he was observed in that act by at least two government agents. His answer was literally true and therefore not perjurious under Bronston at 93 S.Ct. 601.

■ We have not overlooked two other possible defects in this question and answer. One is the contention that the question was so broad as to be immaterial. The other is that the answer is not responsive. As indicated at the time of trial, we believe the question was material because it covered the date of the alleged transaction and contributed to the defense of Edward Speice. The unresponsiveness is a matter of grammar rather than substance, in our opinion, and constitutes a negative answer to the question. But, as indicated above, a negative answer was literally true, so far as the evidence in this case shows.

■ The second question did result in an unresponsive answer which was therefore ambiguous. Thus its literal untruthfulness cannot be determined. Since the answer was ambiguous, and at most answered a question which had not been asked, the defendant cannot be found guilty of perjury beyond a reasonable doubt on this response. Bronston, 93 S.Ct. at 601.

■ The third question was propounded in an attempt to resolve the ambiguity, but the defendant's answer was evasive: "I don't believe I have ever seen him there." This was not a direct answer to the question and is merely a statement of defendant's state of mind. Even if the prosecution had proved that defendant saw Speice at the Thirsty

Whale in June 1971, it has not proved what his belief was at the time of testifying nine months later. It is impossible to determine the defendant's state of mind beyond a reasonable doubt when he testified on March 13, 1972, particularly when that finding must be based on inferences from circumstantial evidence.

The foregoing findings relieve the court from the difficult task of resolving the issues of credibility which exist in this case. However, were we to do this, we would find that the prosecution did not prove beyond a reasonable doubt that the defendant drove Edward Speice to the Thirsty Whale on June 23, 1971. The reasonable doubt arises from the fact that all of the agents except one had only casual, peripheral, and somewhat fleeting views of Speice before their identification in February of the following year, that the government's witness Crimaldi did not see Speice on June 23, 1971 although he knew him and should have seen him if he was there, that one agent who had a leisurely opportunity to observe Speice was shown to have an imperfect memory of the interior and *modus operandi* of the Thirsty Whale where the observation was made, and, finally, that the manner of making the identification of Speice on February 22, 1972 was not spontaneous except by agent Haight who had had only imperfect observations of Speice on the previous occasion in June and who had pointed him out to the other agents in order to confirm his own identification. We do not believe that this combination of circumstances produces the clear and convincing evidence on which a felony conviction must rest. Under these circumstances, we will refrain from comment on the weight to be given the testimony of the other witnesses who testified for the defendant.

The court therefore finds and concludes that the defendant is not guilty of violating 18 U.S.C. § 1623 as charged in the indictment.